(Reap. Dec. 10783)

RIVA BOATS, LTD.
GEORGE C. WILKINSON } *v.* UNITED STATES

Entry Nos. 46982; 632.

(Decided June 29, 1964)

*Vincent F. Kilborn* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

LAWRENCE, Judge: The two appeals for a reappraisement enumerated in the schedule, attached to and made part of this decision, were consolidated for trial. They relate to certain imported motorboats, exported from Italy January 30, 1960, and May 18, 1959, and entered at the ports of Los Angeles and New Orleans, respectively.

It is agreed between the parties that export value, as defined in section 402a(d) of the Tariff Act of 1930, as amended, is the proper basis for appraisal. It is the contention of plaintiffs that the appraiser improperly included in the appraised value an item, designated on the

invoices as "25% special discount," and that seems to be the only question presented for determination by the court.

The statutory definition of export value, applicable here, reads as follows:

The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

It is a fundamental principle of customs jurisprudence applicable to valuation cases that the plaintiff is faced with a dual burden—

(1) Plaintiff must first prove error in the appraiser's finding of value, which is presumptively correct, and

(2) Establish the claimed value.

*I. Arditi v. United States*, 50 CCPA 49, C.A.D. 818, and cases cited.

As stated in *Arditi*—

There is a statutory presumption that the finding of value by the appraiser is correct and the burden here rests on the appellant to prove that the appraised value is erroneous. If successful in this step, he must go further and establish that some other dutiable value is proper. * * *

Upon the record herein, the court is constrained to hold that the plaintiffs have failed to satisfy the conditions above prescribed.

At the trial, plaintiffs introduced the testimony of Clarise Jones, executive secretary for George C. Wilkinson (the real party in interest herein), and, as such, was familiar with the affairs and correspondence relating to the importations in controversy. She identified the contract entered into between Mr. Wilkinson and Cantieri Riva Sarnico, the manufacturer of the boats in issue, a copy of which is attached to each of the affidavits of Carlo Riva (manager of said company) and received in evidence as plaintiffs' exhibits 2 and 3, respectively. The witness also produced a pricelist, which was received in evidence as plaintiffs' exhibit 4. Plaintiffs' exhibit 1 is an affidavit of Carlo Riva with reference to the exportation from the United States of certain Chris Craft engines, which were installed in the boats shipped to this country by Cantieri Riva Sarnico.

Defendant offered in evidence Treasury Department Report No. 8–111, dated June 10, 1963, prepared by Treasury Agent Edward L. Hughes at Rome, Italy, and which is marked defendant's exhibit A.

Although time was requested and granted for plaintiffs to file a brief in the matter, none has been received.

The record before the court would indicate that plaintiffs are relying upon the statements in exhibits 2 and 3, *supra*, that—

\* \* \* The price to be paid [for the boats in controversy] was the seller's list price less 25% on boats and 25% on extra equipment. This amount is the amount at which the boats were freely offered for sale at wholesale quantities to citizens in the United States. \* \* \*

Defendant, in its brief, comments upon the foregoing statement, as follows:

\* \* \* This bald statement of a vital issuable fact, obviously nothing more than a mere declaration of an essential ultimate fact, is, under the well accepted authority of the *Brooks Paper Co.* case, *supra*, not such substantial evidence, if it is evidence at all, as could sustain the plaintiff's burden of proof and overcome the presumption of correctness.

The *Brooks* case, above referred to, was reported as *Brooks Paper Company* v. *United States*, 40 CCPA 38, C.A.D. 495. In that case, our appellate court said in part—

\* \* \* "Evidentiary facts" must be found from the testimony or other evidence. "Ultimate facts" are reasoned conclusions drawn from the evidentiary facts. *Commissioner of Internal Revenue* v. *Sharp et al.*, 91 F. (2d) 804, C.C.A. 3. Considered with reference to the facts or evidence by which they are established or proved, "ultimate facts" are but the logical results of the proofs, or, in other words, mere conclusions of fact reached by the processes of logical reasoning from the evidentiary facts. *Hickey et al.* v. *Ritz-Carlton Restaurant & Hotel Co. of Atlantic City*, 96 F. (2d) 748, C.C.A. 3. The ultimate facts are the *issuable* facts without proof of which plaintiff cannot recover. *Maxwell Steel Vault Co.* v. *National Casket Co.*, 205 F. 515; see also *United States* v. *Smith*, 39 F. (2d) 851, C.C.A. 1. [Italics quoted.]

It is clear from the foregoing that plaintiffs have failed to sustain their dual burden.

The court, accordingly, makes the following findings of fact:

1. The merchandise in controversy consists of certain motorboats, manufactured by Cantieri Riva Sarnico, Italy, and exported May 18, 1959, and January 30, 1960.

2. Said merchandise was appraised at export value, as defined in section 402a(d) of the Tariff Act of 1930, as amended (19 U.S.C. § 1402(d)).

The court concludes as matters of law:

1. The proper basis for determination of the value of the merchandise under consideration is export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended.

2. The values returned by the appraiser, which are presumptively correct, have not been overcome.

3. The proper value of the merchandise in controversy is the appraised value in each case.

Judgment will be entered accordingly.